KLEIN, J.
Larschan, a beneficiary of a health insurance policy issued by Principal, filed this suit as a class action, alleging that Principal wrongfully terminated its customers’ enrollment in a plan, informing them that they would automatically be enrolled in a replacement plan which had lower benefits. The class members Lar-schan is attempting to represent are employees whose employers had originally purchased the same type of policy as Lar-schan, and whose health care plans were replaced by Principal with the plan with inferior benefits. Larschan appeals the trial court’s order denying his motion for class certification. We affirm.
Larschan’s complaint about the replacement policy is that it has lower physical therapy benefits. His wife, who is ill with two very serious diseases, requires much more physical therapy than the replacement policy allows. The trial court found that Larschan’s claim differed from those who would have been members of the class for the following reasons. First, Lar-schan’s complaint centered around the lowered physical therapy benefits under the replacement policy, which was not a benefit about which the members of the class would necessarily have been concerned. Second, Larschan had not accepted the replacement policy, while the members of the class were members of plans under replacement policies accepted by their employers. Third, the replacement policies carried a lower premium which may have been more attractive to the members of the class than having the benefit of having more physical therapy. Fourth, because the members of the class were currently enrolled in employee benefit plans, their claims could be preempted by ERISA, while Larschan’s claim, for simply wrongfully terminating his original policy, would not.
Although we are not deciding whether the employees’ claims would be preempted by ERISA, we have concluded that the court’s other reasons for denying class action status were consistent with Florida Rule of Civil Procedure 1.220 and did not *512 constitute an abuse of discretion. Affirmed.
POLEN and HAZOURI, JJ., concur.